# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JUSTIN GARDNER,

                Petitioner,

      vs.

STATE OF NEBRASKA,

                Respondent.

**8:18CV241**

**MEMORANDUM
AND ORDER**

This matter is before the court on three motions filed by Petitioner Justin Gardner ("Petitioner" or "Gardner"). For the reasons discussed below, the court will deny Gardner's motions.

In his first motion (filing no. 19), Gardner seeks "to engage in[] discovery on the three Douglas County District Court case numbers: CR15-694, CR15-2366, and CR16-3314" and requests "a consent to the referral to the magistrate Judge under 28 U.S.C. § 636(c)." (*Id.*) The court will note Gardner's "consent" to the referral to a magistrate judge, but the court has not designated a magistrate judge to hear any pending matter in the present action. As for his discovery request, the court will deny Gardner's motion.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The progression order issued by this court on November 1, 2018, clearly states that no discovery shall be undertaken without leave of the court. (Filing No. 7 at CM/ECF p. 5.) The court has not granted Gardner leave to

conduct discovery and, in any case, Gardner has not demonstrated good cause for the discovery he seeks nor has he identified what discovery he seeks and how it relates to Respondent's pending motion to dismiss (filing no. 15).

Regarding Gardner's second and third motions (filing nos. 20 & 21), the court finds it necessary to consider the motions together. In the second motion, Gardner asks the court "for a motion for summary dismissal based on any issues in appellant's habeas corpus action have become moot since he has been discharged from his sentence." (Filing No. 20 (internal quotation marks removed).) At first blush, the second motion could be read as Gardner's request to voluntarily dismiss his habeas action. However, the court believes Gardner actually seeks summary dismissal of Respondent's motion to dismiss in light of his third motion which asks for an evidentiary hearing in this matter. (Filing No. 21.) Upon consideration, Gardner's motion for summary dismissal (filing no. 20) and motion for an evidentiary hearing (filing no. 21) are denied.

On February 1, 2019, the court directed Gardner to file a brief in opposition to Respondent's motion to dismiss by March 4, 2019. (Filing No. 18.) Gardner filed the three present motions on February 21, 2019, and has not filed any brief to date. In his motion for an evidentiary hearing, Gardner notes that he is filing his motion "no later than the deadline for filing an opposing brief." (Filing No. 21.) It is unclear whether Gardner intended his motions to serve as his response. Out of an abundance of caution and to progress this matter, the court will give Gardner until **April 8, 2019**, to file and serve a brief in opposition to Respondent's motion to dismiss. Respondent shall have 30 days after Gardner's brief is filed to file and serve a reply brief. If Respondent elects not to file a reply brief or if Gardner fails to file a brief by April 8, 2019, Respondent shall file a notice of case submission within 7 days thereafter informing the court that the motion to dismiss is fully submitted for decision.

IT IS THEREFORE ORDERED that:

1.    Petitioner's motion for discovery (filing no. 19), motion for summary dismissal (filing no. 20), and motion for evidentiary hearing (filing no. 21) are denied.

2.    Petitioner shall have until **April 8, 2019**, to file a brief in opposition to Respondent's motion to dismiss.

3.    Respondent shall have 30 days after Petitioner's brief is filed to file and serve a reply brief. If Respondent elects not to file a reply brief or if Petitioner fails to file a brief by April 8, 2019, Respondent shall file a notice of case submission within 7 days thereafter informing the court that the motion to dismiss is fully submitted for decision.

4.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 8, 2019**: check for Petitioner's brief in opposition to motion to dismiss.

Dated this 18th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge